## Case No. 1,348.
### BERNARD v. McKENNA.
[4 Cranch, C. C. 130.][1]

Circuit Court, District of Columbia. April Term, 1831.

DETINUE—SCIRE FACIAS AGAINST BAIL—PLEA IN BAR.

In a scire facias against bail in detinue, upon a recognizance by which the bail undertook that his principal, if cast in the suit, should restore to the plaintiff the slave detained, if to be had; "if not to be had, that he would pay and satisfy the price of her, and such damages as should be adjudged to the said plaintiff, or render his, the said defendant's body to prison in execution for the same, or that he the said" (bail) "will do it for him," it is a good plea in bar, that no ca. sa. had been issued against the principal.

[Cited in Maynadier v. Duff, Case No. 9,349.]

At law. Scire facias [by Mary A. T. Bernard] against [James L. McKenna, special] bail in detinue [of William Herbert. Judgment for defendant.]

The scire facias stated that the plaintiff in November, 1828, by the judgment of the circuit court of the District of Columbia [Bernard v. Herbert, Case No. 1,347] for the county of Alexandria, "recovered against William Herbert, a negro woman named Caroline, of the value of $300, if she could be had; but if not, then the value aforesaid of her the said Caroline, together with her" (the plaintiff's) "damages amounting to $75, as by a jury assessed, also $66.75, which to the said Mary Ann T. Bernard, were adjudged as well the said negro Caroline on her value, as for her damages for the unlawful detention of the same, as also for her costs about her suit in that behalf expended, whereof the said W. Herbert is convicted, as appears to us of record; and although judgment is thereupon given, yet execution of the said judgment still remains to be made and executed; and whereas James L. McKenna, heretofore, to wit, on the 27th day of November, 1827, per-

sonally appeared in open court and became pledge and bail for the said defendant, that in case he should be cast in the said suit, the said defendant shall restore to the said plaintiff, the said negro girl slave named Caroline, if to be had; if not to be had, that he will pay and satisfy the price of her, and such damages as should be adjudged to the said plaintiff, or render his said defendant's body to prison, in execution for the same, or that he the said James L. McKenna would do it for him. Nevertheless, the said W. Herbert has not restored the said negro girl named Caroline, nor paid to the said plaintiff the value aforesaid of the same nor the damages aforesaid assessed, nor the costs of suit aforesaid, nor surrendered his body to prison in execution for the same, as we have, by the suggestion of the said plaintiff, M. A. T. B., in our said court before us understood; wherefore the said M. A. T. B. hath besought us to grant her a proper remedy in this behalf, and we being willing that what is right and just in this behalf should be done, we do therefore command you, &c., to make known, &c., to the said James L. McKenna to be and appear, &c., to show cause, &c., why the said M. A. T. B. should not have her execution against him for her judgment aforesaid, according to the form and effect of the recognizance aforesaid," &c.

To this scire facias, the bail pleads, 1. Nul tiel record. 2. That the said M. A. T. B. ought not to have or maintain her aforesaid scire facias thereof against him, because he says that on and before the appearance day of the scire facias in this cause issued, the said W. Herbert, the defendant in the said action, was and had been a lunatic, and this he is ready to verify; wherefore he prays judgment if the said M. A. T. B. ought further to have or maintain her aforesaid action against him, &c. 3. Because he says that after the said recovery of the said judgment, as in the said scire facias mentioned, and before the issuing of the said scire facias, there was no writ of capias ad satisfaciendum duly sued out or prosecuted out of the said circuit court of the United States for the county of Alexandria, in the District of Columbia, against the said W. Herbert, upon the said judgment, and duly returned in the said court, as, according to law, before the commencement of this suit there ought to have been; and this the said James L. McKenna, is ready to verify, &c. To the two last pleas there was a general demurrer and joinder.

This cause was argued by Mr. Neale and Mr. Taylor, for the plaintiff; and by Mr. Hodgson, for the defendant, who cited Tidd, Pr. 1044, 1147; Barcock v. Tompson, Style, 324; 3 Tuck. Bl. Comm. 46; Rob. Forms, 71; 8 Vin. Abr. 40; Keilw. 64; Laws Va. 1792, p. 294.

Mr. Neale and Mr. Taylor cited 3 Petersd. Abr. 134, 167; Laws Va. 1826, §§ 5, 7; Laws

[1] [Reported by Hon. William Cranch, Chief Judge.]

Va. Dec. 10, 1793, p. 305, § 48; Hen. Va. Just. 137; Laws Va. Dec. 27, 1792, p. 291; 2 Bac. Abr. "Execution," A, (Wilson's Ed.;) Laws Va. Dec. 12, 1792, p. 78, § 26; and Laws Va. Dec. 19, 1792, § 40, p. 113.

CRANCH, Chief Judge, delivered the opinion of the court, (THRUSTON, Circuit Judge, absent, but understood as assenting,) after stating the pleadings.

No exception is taken to the writ of scire facias, and the only question is as to the validity of the second and third pleas. The plea of lunacy is clearly bad; for the lunacy of the principal, after the bail was fixed, cannot be reason why the plaintiff should not have execution against the bail.

The question upon the demurrer to the third plea, is one of more difficulty. At common law, the bail in all civil causes of arrest, was only bound to produce the body of the principal to answer the judgment; and, according to the English practice in detinue, I presume there must have been a judgment against the principal for the alternative value, and a ca. sa. issued thereon and returned non est inventus, in order to charge the bail. It is not, however, necessary in a scire facias against the bail, in ordinary cases, to aver the issuing and return of the ca. sa. against the principal; it is sufficient to set forth the judgment, the recognizance of bail, and the breach of the condition of the recognizance, by averring that the principal had not paid the judgment nor rendered his body in execution. The want of a ca. sa. must be pleaded to the bail. At common law, we apprehend, no distringas could issue against the bail in detinue, as it might against the principal; for the body of the principal is only delivered to the bail for safe keeping so that it may be had upon the execution. We can find in the books no execution against the bail in detinue, nor any dictum, that the obligation of the bail in detinue differed from the obligation of bail in debt; we conclude, therefore, that, as the law is in England, it would be a good plea to a scire facias against bail in detinue, to say that no ca. sa. was issued and returned against the principal before issuing the scire facias against the bail.

The bail, in debt, may discharge himself by paying the debt, or surrendering the body of the principal in execution. He has his option of one of two things; and if he does either he discharges his obligation. So in detinue the bail has the option of three things; to deliver the specific chattel sued for; to pay the alternative value; or to render the body of the principal in execution. If he does either he is discharged. The surrender of the body of the principal in either case is sufficient. But, in debt, the plaintiff must first have a ca. sa. returned against the principal before he can charge the bail. A fieri facias returned nulla bona is not sufficient. It must be a ca. sa. So, in detinue, we see no reason why a distringas against

the principal returned nulla bona should be sufficient to authorize the plaintiff to obtain execution against the bail. The judgment upon the scire facias would not confine the plaintiff to execution by way of distringas against the bail; but would be in general terms, that the plaintiff should have execution of the judgment against the bail; and the plaintiff might, thereupon, obtain either a distringas, (if distringas will lie against the bail in detinue,) or fieri facias, or ca. sa. But it will hardly be contended that he should have a ca. sa. against the bail before he has had his ca. sa. against the principal. It is said, (but it does not appear in this record,) that the plaintiff obtained a distringas against the principal, which was returned nulla bona before the issuing of the scire facias, and that the distringas, as to the specific thing, has not been superseded; and that, as the act of Virginia of December 12, 1792, (section 26, p. 78,) provides "that the bail-piece shall be so changed as to subject the bail to the restitution of the thing, whether animate or inanimate, sued for, or the alternative value, as the court may adjudge; the plaintiff may now have his execution, by way of distringas against the bail.

Suppose, then, the court, in this state of the cause, should award a distringas, against the bail, and should, afterwards, "for good cause shown, direct it to be superseded so far as relates to the specific thing, and to be executed for the alternative price or value only.' according to the act of Virginia of 10th December, 1793, (section 48, p. 305;) would this be just when, if the same thing had been done in regard to the distringas against the principal, the alternative value might have been recovered against him?

But, in the present case the bail-piece was "not so changed as to subject the bail to the restitution of the thing or alternative value, as the court should adjudge." The recognizance of bail set forth in this scire facias leaves the option with the bail, in the same manner as in the recognizance of bail in debt. The only difference is, that, in the present case, the option is of three things, and in debt it is only of two. It is not left to the court to, adjudge to which the bail should be subject; the restitution of the thing; or the payment of the value; or the surrender of the principal, as the act of assembly provides. And if it were so left to the court to adjudge, we should doubt whether the bail could be liable until the court should have adjudged to which branch of the alternative the bail should be subject. The bail is only a substitute for the gaoler, unless the court should have adjudged him liable for the restitution of the thing sued for.

The court, however, must decide this case upon the recognizance of bail as set forth in the scire facias; and that recognizance, in our opinion, gives the option to the bail, to discharge himself, by the surrender of the principal, exactly as in the case of bail in debt; we

therefore think that the third plea is good, and that the judgment on the demurrer to that plea must be for the defendant.